## Baer License

*Frederick J. Bertolet*, for Secretary of Revenue.
*Samuel R. Liever*, for appellant.

MAYS, P. J., January 20, 1950.—This matter is before the court upon an appeal by Lester E. Baer, Jr., from an order of the Secretary of Revenue, suspending the license of appellant to operate a motor vehicle.

The arresting officer testified that he followed appellant for about two miles and that his speed for that distance was fifty miles per hour. It was a clear day and the road was dry, the traffic was very heavy. He was driving a tractor-semi-trailer, gross weight, 45,000 pounds. Appellant admitted that he was arrested upon two occasions prior to the one we are concerned about. He was asked:

"Q. How many times were you arrested?
"A. Twice.
"Q. Where?
"A. Springetsburg, York County.
"Q. You were arrested there twice?
"A. Yes.
"Q. What other times previous to this, how soon before?
"A. The first time I got arrested was three weeks. Later they got me again.
"Q. What happened the first time?
"A. The first time I was doing 55. He sent me a notice and sooner than appear I sent in a fine.
"Q. What did you do the second time?
"A. Same thing."

He, too, admits that he has been arrested since the violation in the instant case.

In Matz Appeal, 42 Berks 105, in an opinion handed down by this court, we said:

"Measuring the appellant's conduct by the standards of conduct applied to drivers of motor vehicles generally, it appears to us that the ordinarily careful, prudent person would not drive his car over and across State Highway 222 for such a great distance at such a great speed. Such a speed is not only unwise and unnecessary, but is one forbidden by law and in itself justifies a jury or a trial judge in concluding that it was a negligent operation without any mitigating circumstances."

In this case the truck driven by appellant, Baer, carried a gross weight of over 22 tons. In passing upon a matter of this kind, we must not be unmindful that the purpose of The Vehicle Code under which petitioner's license was suspended was to control the licenses of those operators who demonstrate their disregard for the law by continually breaching it. Here is a licensee who has exceeded the speed limit of the Commonwealth three times and has been convicted thereof. Surely this is not a mitigating circumstance but, on the contrary, places him in the class of drivers that our legislature wished to give the Secretary of Revenue the right to control.

Accordingly, January 20, 1950, the appeal is dismissed and the suspension sustained.